UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NORMA P.,[1]

                                           Plaintiff,                Case # 19-CV-774-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                           Defendant.
_____

**INTRODUCTION**

Plaintiff Norma P. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 15. For the reasons that follow, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

**BACKGROUND**

In June 2014, Plaintiff protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 203. She alleged disability since March 2014. Tr. 204. On February 22, 2017, Administrative Law Judge Paul Georger (the "ALJ") issued a decision finding that Plaintiff is not

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

disabled. Tr. 79-89. The Appeals Council denied Plaintiff's request for review in October 2017. Tr. 7-10. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity from January to September 2015, but otherwise had not. Tr. 81. At step two, the ALJ found that Plaintiff has severe impairments of degenerative disease in the lumbar and cervical spines. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 83.

Next, the ALJ determined that Plaintiff retains the RFC to perform light work with additional limitations. Tr. 84. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 87. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 88-89. The ALJ therefore found that Plaintiff is not disabled. Tr. 89.

### II. Analysis

Plaintiff seeks remand because, among other things, the Appeals Council refused to consider new evidence she proffered during her administrative appeal. ECF No. 13-1 at 25-30. Although Plaintiff submitted a variety of new evidence to the Appeals Council, the Court focuses its analysis on one item: the medical opinion of Plaintiff's treating rheumatologist, Entela Pone, M.D. *See* Tr. 60-64. The Court agrees that the Appeals Council gave an erroneous rationale for refusing to consider Dr. Pone's opinion. Accordingly, remand for further proceedings is warranted, and the Court need not consider Plaintiff's other arguments.

As the ALJ discussed in the decision, Plaintiff has long complained of pain in her lower back and neck. *See* Tr. 81-83. Records from as far back as 2010 indicate that Plaintiff suffered

from neck and back pain, which appear to have been caused by or related to her work as a registered nurse. *See* Tr. 376. She received ongoing pain management for years and has been prescribed, at various times, fentanyl patches, oxycodone, and methadone. *See* Tr. 376, 448, 487, 903, 1095. During the November 2016 hearing, Plaintiff testified that she was unable to work due to her neck and back pain. *See* Tr. 112-14. Among other things, she reported that she could only walk for thirty minutes at a time, could not stand for more than a few minutes at a time, and needed to change positions while sitting every twenty minutes. Tr. 126-29.

The ALJ concluded that Plaintiff's medical records and the objective evidence did not support her "allegations regarding the limiting effects of her impairments." Tr. 85. For example, imaging studies of the spine "[did] not suggest the presence of serious spine pathology," and physical examination results did not reveal the presence of "serious abnormalities." Tr. 85. The ALJ also noted that Plaintiff was able to perform light-duty work as a nurse for several months after her alleged onset date. *Id.* After reviewing the evidence and medical opinions, the ALJ found that Plaintiff could perform light work—that is, she could stand or walk for six hours in an eight-hour workday—with a few additional restrictions. Tr. 84; *see also Yildirim v. Comm'r of Soc. Sec.*, No. 18-CV-6098, 2019 WL 3074062, at *3 n.5 (W.D.N.Y. July 15, 2019) (defining light work).

When Plaintiff sought review before the Appeals Council, she submitted a variety of new evidence, including a medical source statement from Dr. Pone. *See* Tr. 60-64. Dr. Pone began treating Plaintiff in early February 2017, shortly before the ALJ issued his decision, but her medical source statement is dated May 2, 2017, several months after the ALJ's decision. Tr. 23, 64. Dr. Pone diagnosed Plaintiff with inflammatory osteoarthritis and fibromyalgia. Tr. 60. She opined that Plaintiff could sit, stand, or walk for less than two hours each workday and would be

absent more than four days per month due to her conditions. Tr. 62-63. In response to the question, "How long has your patient displayed the symptoms *and limitations* in this questionnaire?", Dr. Pone wrote, "long time, I saw her first in February 2017." Tr. 63.

The Appeals Council denied Plaintiff's request for review, and specifically declined to review Plaintiff's case on the basis of the new evidence she provided. *See* Tr. 7-8. As to Dr. Pone's medical source statement, the Appeals Council stated: "The Administrative Law Judge decided your case through February 22, 2017. *This additional evidence does not relate to the period at issue*. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 22, 2017." Tr. 8 (emphasis added). Given that Dr. Pone explicitly indicated that her opinion was retrospective in nature, the Appeals Council's justification is plainly incorrect.

For this reason, the Court agrees that the Appeals Council erred when it denied Plaintiff's request for review and refused to consider Dr. Pone's opinion.[3] Under 20 C.F.R. § 404.970(a)(5), the Appeals Council must review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." To obtain review under this mechanism, the claimant must also show good cause for failing to submit the evidence earlier in the administrative process. *See* 20 C.F.R. § 404.970(b). If the Appeals Council incorrectly finds that new evidence does not relate to the period at issue and erroneously declines to consider it, the proper course is to remand the case to the Commissioner "for reconsideration in

---

[3] The Court notes that this issue is not fully briefed by either side: Plaintiff references Dr. Pone's opinion only in passing, *see* ECF No. 13-1 at 15, 25, 29, and the Commissioner does not discuss it at all. *See* ECF No. 15-1. Nevertheless, the issue is sufficiently briefed so as to permit meaningful judicial review.

light of the new evidence." *Redic v. Comm'r of Soc. Sec.*, No. 18-CV-6225, 2019 WL 1512556, at *5 (W.D.N.Y. Apr. 8, 2019).

In this case, Dr. Pone's medical source statement met the requirements of Section 404.970(a)(5). It is new, and Plaintiff had good cause for failing to submit it to the ALJ, because the medical source statement did not exist until after the ALJ issued his decision. *See id.* at *4; *Anthony P.B. v. Comm'r of Soc. Sec.*, No. 19-CV-947, 2021 WL 288769, at *3 (W.D.N.Y. Jan. 28, 2021) ("Evidence is 'new' if it did not exist prior to the ALJ's decision."). It is not cumulative, as Dr. Pone has no other opinion in the record. It is material, as it concerns Plaintiff's medical conditions and assesses the degree to which Plaintiff's pain would functionally limit her ability to work. Furthermore, contrary to the Appeals Council's mischaracterization, Dr. Pone's opinion plainly relates to the period at issue: Dr. Pone indicated that Plaintiff had the identified symptoms and functional limitations for a "long time" preceding the start of their treating relationship in February 2017. *See* Tr. 63.

Finally, there is a reasonable probability that this additional evidence would change the outcome of the decision. In particular, the new diagnosis of fibromyalgia, by a new treating specialist, could be an important consideration in evaluating the credibility of Plaintiff's subjective reports of pain. The ALJ discounted Plaintiff's reports because the objective clinical findings and examination results "did not reveal deficits which might correlate with [Plaintiff's] reports." Tr. 85. However, "there are no objective tests which can conclusively confirm" a diagnosis of fibromyalgia, *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003), and persons with the impairment can "experience severe and unremitting musculoskeletal pain" yet "have *normal physical examinations*, *e.g.*, full range of motion, no joint swelling, normal muscle strength and normal neurological reactions*." *Campbell v. Colvin*, No. 13-CV-451, 2015 WL 73763, at *5

(N.D.N.Y. Jan. 6, 2015). Thus, Plaintiff's diagnosis of fibromyalgia may explain the lack of objective findings and could thereby lead the ALJ to reconsider whether Plaintiff's pain complaints are credible. *Cf. Lisa v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 940 F.2d 40, 44 (2d Cir. 1991) ("[W]hen . . . a diagnosis emerges after the close of administrative proceedings that sheds considerable new light on the seriousness of a claimant's condition, evidence of that diagnosis is material and justifies remand." (internal quotation marks and brackets omitted)).

Accordingly, Dr. Pone's opinion met the requirements of Section 404.970(a)(5), and the Appeals Council erred by denying review on the (incorrect) basis that her opinion did not relate to the period at issue. This matter must be remanded to the Commissioner for further proceedings.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 18, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court