UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NORMA P.,

                                                  Plaintiff,          Case # 19-CV-774-FPG

v.                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                 Defendant.
_____

## INTRODUCTION

Plaintiff Norma P. brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On February 18, 2021, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings. ECF No. 19. Thereafter, the Court entered a Stipulation and Order awarding Plaintiff's attorney, Amy C. Chambers, $7,010.25 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 24.

On March 12, 2022, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $48,262.30 to pay her attorney. ECF No. 25-2 at 2. On March 24, 2022, Plaintiff moved for $48,262.30 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 25.

For the reasons that follow, Plaintiff's motion is GRANTED, counsel is awarded $48,262.30 in fees, and counsel shall remit the $7,010.25 in EAJA fees to Plaintiff.

## DISCUSSION

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

1

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, counsel seeks the same amount that the SSA withheld from Plaintiff's past due benefits—$48,262.30—and there is no indication that said amount exceeds the statutory cap. *See* ECF No. 25-3 at 3. The Commissioner does not dispute this. *See* ECF No. 28 at 1-2.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff obtained remand with non-boilerplate arguments, ECF Nos. 13, 19, which ultimately led to a favorable decision awarding her benefits. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, counsel spent 34.8 hours in connection with the appeal to this Court. ECF No. 25-2 at 2. Dividing the $48,262.30 fee requested by 34.8 hours yields an hourly rate of $1,386.85. While high, this Court must consider "more than the de facto hourly rate" in deciding whether there is a windfall. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Courts should consider the "ability and expertise of [counsel]," the "nature and length of the professional relationship with the claimant," the "satisfaction of the disabled claimant," and "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55. Having considered these factors—*e.g.*, counsel's specialization in Social Security matters, their lengthy professional relationship, and the excellent results achieved for the client—the Court concludes that counsel's request does not constitute a windfall. *See id.* at 856. Accordingly, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees to Plaintiff.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 25) is GRANTED and Plaintiff is awarded $48,262.30 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, the $7,010.25 EAJA fee must be remitted to Plaintiff.

IT IS SO ORDERED.

Dated: June 27, 2022
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York